**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DAMIAN I. HALLACY,

                          Petitioner,

         v.                                    CASE NO. 18-3111-SAC

STATE OF KANSAS,

                          Respondent.

**MEMORANDUM AND ORDER AND ORDER OF REMAND**

This matter is before the court on petitioner's Notice of Removal and Motion for Writ of Habeas Corpus (Doc. #1). Petitioner faces several criminal charges in the District Court of Sedgwick County in Case No. 2018CR000048. He seeks to remove the criminal action to the federal district court.

Because petitioner proceeds pro se, the Court liberally construes his claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "removal statutes are to be strictly construed … and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co, Inc.*, 683 F.2d 331, 333 (10th Cir. 1982)(citation omitted).

Having considered the matter, the Court will summarily remand the matter to the state district court.

**Analysis**

Petitioner seeks removal under 28 U.S.C. § 1455, which governs the removal of state criminal actions to federal court. The statute provides as follows:

         (a)  **Notice of removal.** – A defendant or defendants desiring to remove any criminal prosecution from

a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b)     **Requirements.** – (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

(2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

(3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

(4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

(5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it

shall so notify the State court in which prosecution is pending, which shall proceed no further.

(c) **Writ of habeas corpus**. – If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus and the marshal shall thereupon take such defendant or defendants into the marshal's custody and deliver a copy of the writ to the clerk of such State court.

28 U.S.C. § 1455.

While 28 U.S.C. § 1455 governs removal, it is a procedural statute, and the Court must look to other provisions for substantive guidance. Under 28 U.S.C. § 1442, a State criminal action may be removed to federal court if it is brought against any of the following:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.

(4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442(a)(1)-(4).

Likewise, a state criminal prosecution brought against a member of the armed forces of the United States may be removed

to a federal court. 28 U.S.C. § 1442a.

The materials before the Court do not show that petitioner is a federal officer, a member of the armed services, an officer in the House of Congress, or is otherwise entitled to consideration under 28 U.S.C. § 1442 or § 1442a.

Finally, a state criminal prosecution may be removed if it is brought:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Under §1443(1), the Court applies the two-part test established by the Supreme Court in *Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Allegations by a petitioner seeking removal that are based upon provisions of general applicability or statutes that do not protect against racial discrimination are not an adequate basis for removal. *Colorado v. Lopez*, 919 F.2d 131, 132 (10ᵗʰ Cir. 1990)(quoting *Johnson,* 421 U.S. at 219).

"Second, it must appear … that the removal petitioner 'is denied or cannot enforce' the specified federal rights 'in the courts of [the]

State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The removal petitioner has a heavy burden in satisfying this showing:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendants to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966).

Because plaintiff does not allege any facts to support a claim of racial discrimination and does not show that he cannot seek relief effectively in his state criminal action, he is not entitled to removal under § 1443(1).

Under 28 U.S.C. §1443, subsection (2) has been interpreted to "confer[] a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Petitioner does not allege any facts that suggest he meets this standard.

## Conclusion

For the reasons stated, the Court concludes petitioner has failed to establish any basis for the removal of his state criminal action to federal court. Accordingly, this matter must be summarily remanded to the state district court.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is remanded to the District Court of Sedgwick County, Kansas.

**IT IS SO ORDERED.**

DATED:  This 2nd day of May, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge